# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-CR-096-001-CVE-TLW |
| | ) | |
| NYESHI LESHEA DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the undersigned United States Magistrate Judge for a report and recommendation is defendant's Motion to Prohibit Taking of Tax Refund. (Dkt. 43). Defendant seeks to prevent the government from intercepting her expected federal income tax refund and applying it towards restitution in her criminal case. Id. Defendant argues the refund is needed to satisfy other outstanding restitution payments arising out of Oklahoma state charges. (Dkt. 49). Additionally, defendant asserts the refund is necessary to provide for her and her child. (Dkt. 43). The Government argues that it is entitled to the refund under the District Court's Judgment, which states that defendant's restitution balance was "due in full immediately" upon sentencing. (Dkt. 47). The Government also alleges that even if defendant's expected refund is not taken pursuant to the Judgment, the Internal Revenue Service will intercept the funds on its own. (Dkt. 47). Finally, the Government argues that defendant has not exhausted her administrative remedies. (Dkt. 47).

As set forth below, the undersigned recommends that defendant's Motion to Prohibit Taking of Tax Refund be GRANTED.

**ANALYSIS**

**Restitution and Payment Plan**

On May 3, 2016, defendant plead guilty to Conspiracy and Theft of Government Property. (Dkt. 40). The District Court entered Judgment on May 4, 2016, which includes criminal monetary penalties and a schedule of payments. Id. Specifically, the Judgment lists an assessment of $200.00, restitution in the amount of $60,738.83, and a payment schedule of $50.00 per month. Id. The Judgment includes various conditions which the District Court Judge can make a part of the Judgment by checking boxes that appear next to those conditions. Id. For example, boxes were marked noting that "the interest requirement is waived for the . . . restitution" and that a lump sum payment of $200.00 is due immediately. Id.

The Judgment contains a special instructions section that could have been marked, but is not. This section includes the following terms of payment:

> Any monetary penalty is due in full immediately, but payable on a schedule to commence no later than 60 days following imposition of sentence in equal monthly payments of $50 or 10% of net income (take home pay), whichever is greater, over the duration of the term of probation and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

Id. However, the District Court Judge did include terms of payment in the oral pronouncement of judgment, although those terms do not match the special instructions section in that they require a monthly payment of $25.00, not $50.00:

> Any monetary penalty is due in full immediately but payable on a schedule to commence no later than 60 days following imposition of sentence in equal monthly payments of **$25** or 10% of net income that is take-home pay, whichever is greater, over the duration of the term of probation and thereafter as prescribed by law for as long as some debt remains.

Oral Pronouncement of Judgment on May 3, 2016, at 09:46, <u>United States v. Daniels</u>, 15-CR-096-001-CVE. An oral order controls over the written judgment; therefore, the lower $25.00 monthly payment applies to defendant. <u>See</u> <u>United States v. Martinez</u>, 812 F.3d 1200, 1203 (10th Cir. 2015) (oral pronouncement with different repayment terms controlled over written judgment).[1]

Moreover, the Tenth Circuit, in <u>Martinez</u>, ruled that inclusion of a payment plan precludes making the full amount due immediately. 812 F.3d at 1205. In <u>Martinez</u>, the district court ordered the defendant to pay restitution and set up a monthly payment plan "based on a percentage of [the defendant's] disposable income." <u>Id.</u> Although the defendant complied with his payment plan, the Government moved to garnish his retirement accounts to expedite the payment of his restitution. See <u>id.</u> When Martinez challenged the garnishment, the Tenth Circuit looked to 18 U.S.C. §§ 3664 and 3572 for guidance. <u>See id.</u> Upon examination, the court reasoned that Section 3572(d) "implies that full payment is due immediately *only if* the district court does not provide for installment payments." <u>Id.</u> (emphasis in original). Continuing, the court noted "a defendant ordered to pay restitution in installments need not immediately pay the full amount." <u>Id.</u> The court reasoned that default guidelines contained in Section 3572(i) would be "unnecessary, even meaningless, if the total restitution amount were already owed in full under an installment-based restitution order." <u>Id.</u> Thus, the court held that "the government can enforce only what the district court has ordered the defendant to pay." <u>Id.</u> at 1202.

Applying <u>Martinez</u>, the presence of a payment plan precludes making the full amount due immediately. Thus, defendant was only responsible for making monthly payments of $25.00

---

[1] However, the required monthly payments are still the greater of $25.00 or 10% of defendant's net income. Since the issue of determining defendant's net income is not before the court, this analysis will use the $25.00 monthly payment to calculate defendant's repayment obligations. Moreover, the government has agreed that defendant's monthly payments should be set at $25.

beginning sixty days after the pronouncement of judgment. Given that July 3, 2016, marked sixty days after judgment, defendant is now responsible for ten monthly payments of $25.00 for a total of $250.00. Records show defendant has made four payments of $25.00 for a total amount of $100.00. (Dkt. 47, Ex. 4). As such, defendant's past due amount is $150.00. Thus, if the Government can intercept defendant's expected tax refund, under <u>Martinez</u>, it can only do so up to a maximum of $150.00.

However, the full amount of restitution can become immediately due if defendant defaults on a payment plan. 18 U.S.C.A. § 3572(i). If payment is delinquent for more than ninety days, the full amount becomes due "subject to the provisions of section 3613A." <u>Id.</u> If the court finds that a defendant is in default, Section 3613A provides the court with options such as "revok[ing] probation or a term of supervised release," to "enter[ing] or adjust[ing] a payment schedule," to even "tak[ing] any other action necessary to obtain compliance with the order of a fine or restitution." 18 U.S.C.A. § 3613A(a)(1). Further, Section 3613A authorizes magistrate judges to conduct hearings on these matters "subject to de novo review by the court." § 3613A(b)(1). Although the issue of default was not raised by the parties, neither Section 3572 nor Section 36S3A require a motion by the government, which suggests *sua sponte* action by the court is appropriate. As such, the court has a wide range of remedies available to address defendant's default. Given defendant's record since release and the inconsistency between the oral and written judgments relating to the payment plan, the undersigned recommends the payment plan continue as stated in the oral judgment and as agreed to by the government with a sixty-day grace period for defendant to become compliant.

**Interception of Tax Refund**

The government argues that the Mandatory Victim's Restitution Act ("MVRA") provides the power to intercept defendant's tax return. (Dkt. 47). The government points to Section 3613(f) and Section 3664(m)(1)(A) as extending the MVRA's reach from civil fines to cover orders of restitution. (Dkt. 47). Further, the government contends that any refund resulting from the Earned Income Credit ("EIC") would not qualify as "net income" or "take home pay" and thus not be subject to the 10% limitation in the judgment. (Dkt. 52). Defendant admits that tax refunds are not listed as an exempt item under Section 3613(a) or Section 6334(a) but suggests the intent of the tax refund and its intended use for the purchase of items qualifying as exemptions should extend exemption protection to it. (Dkt. 52).

A tax refund resulting from an EIC is indistinguishable from an overpayment of tax. Sorenson v. Sec'y of Treasury of the United States, 475 U.S. 851, 859 (1986). In Sorenson, the plaintiff filed an action seeking to protect her tax refund from being taken by the government due to her husband's unpaid child support to his former wife. Id. at 853, 857-58. She argued that the EIC nature of her refund did not qualify for government interception and that such interception would "frustrate Congress' aims in providing the credit." Id. at 859. The Court disagreed and found that "[t]he refundability of the earned-income credit is . . . inseparable from its classification as an overpayment of tax." Id. The Court noted the Internal Revenue Code treated a refund due to an earned-income credit the same as an overpayment. Id. As such, the Court affirmed the lower-court decision allowing the government to intercept the expected tax refund to apply to the unpaid child-support debt. Id. at 865.

Applying Sorenson here, the nature of defendant's expected tax refund would not ordinarily affect whether the government has the authority to intercept it, except that here the

District Court Judge limited defendant's obligation to pay money from her income to $25.00 per month.[2] As such, defendant's expected tax refund is subject to confiscation by the government, but only to a maximum amount of $150.00.

## Exhaustion of Administrative Remedies

The Government states that it is using the Treasury Offset Program ("TOP") to collect restitution due from defendant. (Dkt. 47). The Government argues that defendant must exhaust all administrative remedies prior to seeking relief from this Court. (Dkt. 47). The administrative exhaustion doctrine "provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" McKart v. U. S., 395 U.S. 185, 193 (1969) (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)). The administrative offset program requires the government to provide "written notice of the type and amount of the claim, the intention of the head of the agency to collect the claim by administrative offset, and an explanation of the rights of the debtor . . . ." 31 U.S.C.A. §3716(a)(1). The government submitted evidence of providing notice on May 4, 2016, to defendant of its intent to intercept her tax refund pursuant to this administrative program. (Dkt. 47, Ex. 4).

The government fails to meet the requirements of Section 3716 based on the timing of its delivery of written notice to defendant.[3] Since Martinez establishes that a payment plan precludes the full amount of restitution becoming immediately due, the government did not have any claim to assert as of May 4, 2016. Defendant's first payment was not due until July 3, 2016—two months

---

[2] Defendant's intent to purchase exempt items does not extend protection to the expected tax refund. See United States v. Holcomb, No. 08-20003-JWL, 2012 WL 5306257, at *3 (D. Kan. Oct. 26, 2012) (" . . . the exemptions set forth in § 6334(a)(1-3)apply to a person's tangible assets, not to money that may be used to purchase such tangible items."). As such, none of defendant's expected tax refund is exempted under Section 3613.

[3] Section 3716(a)(1) requires written notice—making any oral notice insufficient.

*after* notice was given. As such, the government has not complied with the requirements of Section 3716 for pursuing administrative offset through TOP. Thus, defendant has no prescribed administrative remedy to exhaust.

## RECOMMENDATION

The undersigned **RECOMMENDS** that the Court **GRANT IN PART** defendant's Motion to Prohibit Taking of Tax Refund. The undersigned recommends establishing the terms of repayment as $25.00 per month and the past-due, legally enforceable debt as $150.00. Additionally, the undersigned recommends the Court act *sua sponte* on the issue of defendant's default of the repayment plan. Given defendant's record since release and the inconsistency between the oral and written judgments relating to the payment plan, the undersigned recommends the payment plan continue as per oral judgment with a sixty-day grace period for defendant to become compliant. Finally, the undersigned recommends the Court prohibit the government from intercepting defendant's expected tax refund for failure to provide proper notice as required by 31 U.S.C.A. § 3716.

## OBJECTION

The District Judge assigned to this case will conduct a *de novo* review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his review, the Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to file objections to this Report and Recommendation must do so by April 30, 2017. See 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report

and Recommendation that are accepted or adopted by the District Court. See Moore v. United States, 950 F.2d 656 (10th Cir. 1991); and Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

SUBMITTED this 16th day of April, 2017.

T. Lane Wilson
United States Magistrate Judge