# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 15-CR-0096-001-CVE-TLW |
| NYESHI LESHEA DANIELS, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is the report and recommendation of Magistrate Judge T. Lane Wilson, recommending that the Court grant in part defendant's motion to prohibit the government from taking her tax refund (Dkt. # 43). The government objects to the report and recommendation, arguing that it is based on a misinterpretation of the Tenth Circuit's holding in United States v. Martinez, 812 F.3d 1200 (10th Cir. 2015). Dkt. # 55. Defendant responds, arguing that the Court should adopt the magistrate judge's report and recommendation. Dkt. # 56.

### I.

On May 27, 2015, defendant plead guilty to one count of conspiracy in violation of 18 U.S.C. § 371 and one count of theft of government property in violation of 18 U.S.C. § 641. Dkt. # 15. On May 3, 2016, the Court sentenced defendant to 60 months probation as to each count, to run concurrently, and restitution in the amount of $60,738.83. Dkt. # 39. At sentencing, the Court stated the following:

> Any monetary penalty is due in full immediately but payable on a schedule to commence no later than 60 days following imposition of sentence in equal monthly payments of $25 or 10% of net income, that is take home pay, whichever is greater, over the duration of the term of probation and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule,

> nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

Oral Pronouncement of Judgment, at 9:47-48, United States v. Daniels, 15-CR-096-001-CVE (May 3, 2016). The written judgement contains a special instructions section that states:

> Any monetary penalty is due in full immediately, but payable on a schedule to commence no later than 60 days following imposition of sentence in equal monthly payments of $50 or 10% of net income (take home pay), whichever is greater, over the duration of the term of probation and thereafter as prescribed by law for as long as some debt remains. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

Dkt. # 40, at 5.

On May 5, 2016, the government mailed defendant a notice of the government's intent to offset defendant's debt with the Treasury Offset Program (TOP). Dkt. # 47-4. The notice was mailed to the address for defendant on file at that time with the probation office. Dkt. # 47-5, at 1-2. The notice included the amount owed and identified this case as the origin of the debt. Dkt. # 47-4, at 1. The notice also informed defendant about TOP and notified her that she had 60 days to object to the referral of her debt to TOP. Id. Defendant now asks the Court to prohibit the government from intercepting her tax refund. Dkt. # 43.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

**III.**

Defendant argues that the government may not take her tax refund because she did not receive adequate notice and her tax refund is exempt from garnishment. Dkt. # 43, at 5. The government responds, arguing that it provided notice of its intent to include defendant's debt in TOP, that the government may utilize the TOP program to offset defendant's debt with her tax refund, and that defendant must exhaust her administrative remedies before asking this Court for relief. Dkt. # 47, at 2-5. The Court will first address the exhaustion issue.

**A.**

Withholding funds payable to the United States to satisfy a claim is known as an administrative offset. 31 U.S.C. § 3701(a)(1). The Debt Collection Improvement Act of 1982, 31 U.S.C. § 3701 et seq., authorizes the Treasury Department to collect non-tax debts paid out by other federal agencies by administrative offset. 31 U.S.C. §§ 3701, 3716(a). The Eleventh Circuit has described TOP as follows:

> Pursuant to the TOP, any federal agency with a claim against the debtor, after notifying the debtor that the debt is subject to administrative offset and providing an opportunity to dispute the debt or make arrangements to pay it, may collect the debt by administrative offset. See 31 U.S.C. § 3716(a), (c)(6). In order to do so, the creditor agency must certify to Treasury that the debt is eligible for collection by offset and that all due process protections have been met. See 31 C.F.R. § 285.5(d)(3)(II), (d)(6). If properly certified, the Treasury Department must administratively offset the debt. See 31 U.S.C. § 3716(c)(1)(A).

Johnson v. U.S. Dep't of Treasury, 300 F. App'x 860, 862 (11th Cir. 2008). Tax refunds are eligible for offset under TOP. 31 C.F.R. § 285.5(e)(1).

Under the doctrine of exhaustion of administrative remedies, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Woodford v. Ngo, 548 U.S. 81, 88-89 (2006) (quoting McKart v. United States, 395 U.S. 185, 193 (1969). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. TOP provides debtors "an opportunity for a review within the agency of the decision of the agency related to the claim." 31 U.S.C. § 3716. A debtor must exhaust her administrative remedies by utilizing this agency review process before seeking judicial relief. See, e.g., Benjamin v. United States, No. 3:13-CV-313, 2014 WL 3900220, at *5 (M.D. Penn. Aug. 8, 2014); United States v. Beulke, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012); United States v. Mayer, No. 04-cr-100-1-SM, 2010 WL 4916561, at *1 (D.N.H. Dec. 3, 2010). It is undisputed that defendant did not avail herself of the agency review process.

The magistrate judge found that defendant has no prescribed administrative remedy to exhaust because the government failed to comply with TOP's notice requirement. Dkt. # 54, at 6-7. Under § 3716(a), before a debt may be collected by administrative offset, the debtor must be given "written notice of the type and amount of the claim, the intention of the head of the agency to collect the claim by administrative offset, and an explanation of the rights of the debtor under [§ 3716]." 31 U.S.C. § 3716(a)(1). The magistrate judge found the notice sent to defendant on May 5, 2016 did not fulfill § 3716(a) because the government did not have a claim to assert until defendant's first payment was due on July 3, 3016. Dkt. # 54, at 6.

The magistrate judge's findings are premised on a flawed understanding of the Tenth Circuit's holding in Martinez. The issue in Martinez was whether the government could garnish

4

Martinez's retirement accounts to satisfy restitution when he had complied with his payment schedule and the judgment did not make the entire amount due in full immediately. See 812 F.3d at 1204. The government may enforce only what the district court has ordered the defendant to pay. Id. at 1202. Thus, the Tenth Circuit held that the government lacked the authority to garnish Martinez's retirement accounts because to do so would go beyond the payment schedule established in the district court's judgment. Id. at 1207. Central to the holding in Martinez is that the district court ordered the defendant to pay only through the payment schedule and deliberately chose not to make the amount due in full immediately. Id. at 1204. This crucial distinction has been recognized by other courts interpreting Martinez. See United States v. Grigsby, No. 12-10174-JTM, 2016 WL 1056560, at *2 (D. Kan. Mar. 16, 2016) ("What was fundamental [in Martinez] was the fact that, in the check-the-box Schedule of Payments section of the written judgment, the court only checked the boxes for installment payments, and not the box providing for payment '[i]n full immediately.'") (alteration in original); see also United States v. Kay, No. 11-218(1) ADM/TNL, 2017 WL 875784, at *4 (D. Minn. Mar. 3, 2017) ("Since the Judgment in this case specified that Kay's repayment was due only in installments, the full restitution amount was not due immediately").

Martinez does not apply to this case because the judgment made clear that "[a]ny monetary penalty [was] due in full immediately." Dkt. # 40, at 5. Further, the judgment stated that "[n]otwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment." Id. This is not a situation, like Martinez, where the government is attempting to reach beyond its authority by collecting restitution in manner not prescribed by the Court. Here, the judgment makes the entire restitution amount due immediately and explicitly authorizes the

5

government to "execut[e] or levy[] upon property of the defendant." Cf. United States v. Rush, No. 5:14-cr-00023, 2016 WL 3951224, at *3 (W.D. Va. July 20, 2016) ("[T]he court must [first] look to the language of the judgment and the statute in question. Here, the judgment provides that the criminal monetary penalties are due immediately and that the payment schedule does not preclude enforcement under 18 U.S.C. § 3613. That statute provides that an unpaid [fine] constitutes a lien in favor of the United States. . . . Both the text of the judgment and statute in question support the position of the government in executing its lien."). By the clear language of the judgment, the government is not attempting to reach beyond its authority in collecting defendant's tax refund, which renders the holding in Martinez inapplicable.

Defendant argues that she never received the government's notice of intent to offset. Dkt. # 49-1, at 1. The government has presented evidence that it mailed the notice to the address for defendant on file at that time with the probation office. Dkt. # 47-5, at 1-2. Additionally, the government has provided evidence that defendant's probation officer conducted a home visit with defendant on May 20, 2016 at the address to which the notice was mailed. Dkt. # 52-1, at 1. According to defendant's probation officer, defendant did not move from that address until June 5, 2016, a month after the notice was mailed. Id. Thus, even if defendant did not actually receive notice, by sending notice by mail to defendant's last known address, the government complied with its requirement to provide notice reasonably calculated to apprise defendant of the offset and provide her an opportunity to present her objections. Omegbu v. U.S. Dep't of Treasury, 118 F. App'x 989, 990 (7th Cir. 2004) (citing Dusenbery v. United Staes, 534 U.S. 161, 168-70 (2002); Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 318 (1950)); cf. Guthrie v. Sawyer, 970 F.2d 733, 737 (10th Cir. 1992) ("The IRS satisfies its obligation to mail a notice of deficiency if the

notice is sent to the taxpayer's last known address, even if the taxpayer does not actually receive the notice.").

In summary, defendant is required to exhaust her administrative remedies before seeking judicial relief, and the government gave defendant adequate notice of her rights under § 3716(a). Because defendant has failed to exhaust her administrative remedies, her motion must be denied.

**B.**

The magistrate judge also recommends establishing the terms of defendant's payment plan as $25 per month. In the oral pronouncement of the judgment, the Court set defendant's restitution payment schedule as "equal monthly payments of $25 or 10% of net income, that is take home pay, whichever is greater." The written judgment is consistent with the oral pronouncement, except that a scrivener's error of the probation office recorded defendant's payment schedule as "equal monthly payments of $50 or 10% of net income (take home pay), whichever is greater." "[A]n oral pronouncement of sentence from the bench controls over other written language." United States v. Marquez, 337 F.3d 1203, 1207 n.1 (10th Cir. 2003). Thus, defendant's payment schedule is $25 a month or 10% or net income, whichever is greater.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 54) is **accepted in part and rejected in part**; it is **accepted** as to setting defendant's $25 monthly payment as stated in the oral pronouncement, and it is **rejected** as to all other recommendations.

**IT IS FURTHER ORDERED** that defendant's motion to prohibit the government from taking her tax refund (Dkt. # 43) is **denied**.

**IT IS FURTHER ORDERED** that defendant's restitution payment schedule is set, as stated in the oral pronouncement, as equal monthly payments of $25 or 10% of net income (take home

7

pay), whichever is greater, over the duration of the term of probation and thereafter as prescribed by law for as long as some debt remains.

**DATED** this 28th day of April, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE